IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RANDALL GRAY STONEMAN, JR.,       )
                                  )
            Petitioner,           )
                                  )
      v.                          )
                                  )      1:13cv836
GEORGE SOLOMON, Director of       )
North Carolina Department of      )
Public Safety,                    )
                                  )
            Respondent.           )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court is Respondent George Solomon's motion for summary judgment (Doc. 4) on the *pro se* petition for a writ of habeas corpus filed by Randall Gray Stoneman, Jr. (Doc. 1).[1] Stoneman challenges his State custody under 28 U.S.C. § 2254. For the reasons set forth below, the petition will be denied.

**I.   BACKGROUND**

On August 19, 2005, Stoneman was tried by a jury in Guilford County Superior Court and convicted of reckless driving, felonious operation of a motor vehicle to elude arrest, and being a habitual felon. (Doc. 1 at 1; Doc. 6-4 at 18-20.) He was sentenced the same day to 150 to 189 months in prison. (Doc. 1 at 1; Doc. 6 at 1.) Stoneman appealed his conviction to

---

[1] Stoneman has recently filed his own motion for summary judgment, which is not ripe for consideration. (Doc. 11.)

the North Carolina Court of Appeals and, while that appeal was pending, filed a Motion for Appropriate Relief ("MAR") with that same court. (Doc. 6-6.) Again, while the appeal was pending, Stoneman petitioned the North Carolina Court of Appeals to certify his case to the North Carolina Supreme Court. (Doc. 6-7.) On January 2, 2007, the North Carolina Court of Appeals issued its decision, denying the appeal and MAR. (Doc. 6-2.) Stoneman then applied directly to the North Carolina Supreme Court for discretionary review (Doc. 6-9); that petition was summarily denied on March 8, 2007 (Doc. 6-3).

Thereafter, Stoneman filed a number of post-conviction motions for relief in State court. On June 20, 2008, he filed a MAR in State court (Doc. 7-1); on July 25, 2008, the MAR was denied (Doc. 7-2). On April 28, 2011, he filed another MAR in State court (Doc. 7-3) and amended it with the aid of counsel on September 25, 2012 (Doc. 7-4); on February 13, 2013, the MAR was denied (Doc. 7-5). On March 21, 2013, he filed another MAR in State court (Doc. 8-1); on April 9, 2013, the MAR was denied (Doc. 8-2). On May 7, 2013, Stoneman petitioned the North Carolina Court of Appeals to review the State court's February 2013 denial of his MAR (Doc. 7-6); on May 23, 2013, the court denied the petition (Doc. 7-8). Finally, Stoneman petitioned the North Carolina Supreme Court for discretionary review; that petition was denied on August 27, 2013. (Doc. 8-3.) The *pro se*

petition for a writ of habeas corpus was filed in the present case on September 23, 2013. (Doc. 1.)

**II. ANALYSIS**

    **A.    Standard of Review**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases, see Blackledge v. Allison, 431 U.S. 63, 80 (1977), as has the Fourth Circuit, see Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate when there exists no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Zahodnick v. Int'l Bus. Machs. Corp., 135 F.3d 911, 913 (4th Cir. 1997). The moving party bears the burden of initially coming forward and demonstrating the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once that burden is met, the non-moving party must then affirmatively demonstrate that there is a genuine dispute of material fact that requires trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 817 (4th Cir. 1995). When making the summary judgment

3

determination, the court must view the evidence, and all justifiable inferences from it, in the light most favorable to the non-moving party. Zahodnick, 135 F.3d at 913; Halperin v. Abacus Tech. Corp., 128 F.3d 191, 196 (4th Cir. 1997).

The court construes *pro se* petitions, including habeas petitions, liberally. Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1298 n.20 (4th Cir. 1992); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction has its limits and does not require the court to become an advocate for a petitioner. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978).

Stoneman raises three claims in his present petition. Solomon asserts that the first and third claims are time-barred under 28 U.S.C. § 2244 and that the remaining claim fails on the merits. (Doc. 1; Doc. 6 at 20-27.) For the reasons set forth below, the court agrees.

**B.   Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, governs habeas petitions and prescribes a one-year limitations period for them. 28 U.S.C. § 2244(d)(1). The one-year clock begins to run at the latest of four possible dates, three of which apply in the present case:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year clock is tolled during the time State post-conviction proceedings are pending in any State court and may be equitably tolled in "rare instances." Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (citing 28 U.S.C. § 2244(d)(2)). However, once the limitations period has expired, later-filed State post-conviction petitions cannot revive it. Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000).

Stoneman's first claim is that the State trial court "fail[ed] to instruct the jury on the misdemeanor aspect of fleeing to elude." (Doc. 1 at 5.) The North Carolina statute under which Stoneman was convicted makes it a misdemeanor to operate a motor vehicle while fleeing or attempting to elude law enforcement. N.C. Gen. Stat. § 20-141.5. However, the statute also includes aggravating factors for that crime and, if two or more aggravating factors are present, the crime becomes a felony. Id. The two aggravating factors in Stoneman's case

5

were speeding in excess of fifteen miles per hour and reckless driving. (Doc. 6-2 at 4.) Stoneman argues that the jury did not make a specific finding as to whether he sped in excess of fifteen miles per hour of the speed limit and that therefore his conviction is unlawful. (Doc. 1 at 5; Doc. 10 at 1.)

This claim arises from Stoneman's trial itself, which means that he knew of the factual predicate of his claim when the trial occurred. Stoneman does not assert any new constitutional right as to this claim. Therefore, the latest § 2244(d) start date applicable to this claim is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As stated earlier, the North Carolina Supreme Court denied direct review of Stoneman's case on March 8, 2007. (Doc. 6-3). Stoneman then had ninety days to file a petition for certiorari with the United States Supreme Court, during which the § 2244(d) clock did not run. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). The one-year clock began on June 6, 2007, and expired on June 5, 2008. Stoneman did not file any State post-conviction or other collateral review during that time, which would have tolled the limitations period. His later petitions (the first of which was filed on June 20, 2008) do not revive his current claim.

Stoneman argues that his petition should be considered timely because his case "has been under review in the lower courts" (Doc. 1 at 13) and includes a timeline of his State court petitions from 2011 to 2013 in his response to Solomon's motion for summary judgment (Doc. 10 at 3-4). His argument is unavailing, however, as the limitations period for this claim expired in 2008, well before he began filing his State post-conviction motions.

Stoneman also asserts that there were "time delays because of being unable to receive information and forms from North Carolina Prisoner Legal Service," he "was unable to receive answers and advice because of non-communication by attorneys," and he "was denied legal copies by prison officials." (Doc. 1 at 13.)

The one-year limitations period in § 2244(d) is subject to equitable tolling. Harris, 209 F.3d at 329-30. Equitable tolling is only available, however, in limited circumstances: when the petitioner was prevented from asserting his claims by the State's wrongful conduct or when extraordinary circumstances beyond the petitioner's control made it impossible to file timely. Id. at 330. Unfamiliarity with the legal process, lack of representation, delay in access to legal materials, and mistakes of counsel are not adequate grounds for equitable tolling. Id. at 330-31 (collecting cases); Dockery v. Beck, No.

1:02CV00070, 2002 WL 32813704 (M.D.N.C. Aug. 1, 2002) (waiting for Prison Legal Services insufficient reason to toll limitations period). As to the State's wrongful conduct, Stoneman has provided only a naked assertion that he "was denied legal copies by prison officials." (Doc. 1 at 13.) He does not elaborate on that assertion even after Solomon challenged the applicability of equitable tolling to the claim, he does not explain what "legal copies" he is referring to, and he does not assert that the conduct was improper. Moreover, he has not asserted any alleged wrongful conduct *before* June 5, 2008; his filings are silent as to when the alleged denial of legal copies occurred. In other words, Stoneman has not produced any evidence but relies on a bare, conclusory assertion regarding equitable tolling. Equitable tolling is a "guarded and infrequent" remedy, available only when it would be "unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Stoneman has not demonstrated that this is such a situation.

Stoneman's third claim is a "constitutional challenge to the jurisdictional propriety of habitual felon status." (Doc. 1 at 8.) He argues that North Carolina's sentencing scheme for habitual felons effectively punishes defendants twice, in

violation of the Constitution's Double Jeopardy Clause. (Id.; Doc. 10 at 4.)

This claim is time-barred for the same reasons as his first claim. The factual predicate was apparent from the date of Stoneman's sentencing in August 2005, and no new constitutional rule is alleged. Therefore, Stoneman's time for filing this claim expired on June 5, 2008, just as it did for his first claim. Equitable tolling does not apply for the same reasons as outlined above. The court notes, however, that even if it were to reach the merits of this claim, the United States Supreme Court has repeatedly rejected challenges to recidivist sentence enhancements based on *ex post facto*, due process, equal protection, and double jeopardy grounds. See, e.g., Spencer v. Texas, 385 U.S. 554, 559 (1967); Rummel v. Estelle, 445 U.S. 263, 265 (1980); see also United States v. Etheridge, 932 F.2d 318, 323 (4th Cir. 1991).

**C. Justice Reinvestment Act**

Stoneman's second – and only remaining – claim is based on a "significant change in the law." (Doc. 1 at 6.) He asserts that the Justice Reinvestment Act ("JRA"), N.C. Gen. Stat. § 14-7.6 (2011), which took effect December 1, 2011, changed North Carolina's sentencing scheme for habitual felons and should be applied retroactively to reduce his sentence. (Id.; Doc. 10 at 1-3.) Solomon does not contend that this claim is time-barred

9

under 28 U.S.C. § 2244(d), but he opposes it nevertheless on several bases. (Doc. 6 at 14-16.) Chiefly, he argues that the claim has already been adjudicated on the merits in State court and that the JRA explicitly limits its applicability to offenses committed "on or after December 1, 2011." (Id.) As Stoneman committed his offense before August 2005, Solomon argues, the JRA does not apply to him.

A State court judge considered this same claim from Stoneman on February 13, 2013, and denied relief:

> [T]he express language of [the JRA] references offenses occurring *on or after* the effective date of December 1, 2011, whereas the cited MAR provision dictates that "retroactive application of the changed legal standard is *required*" (emphasis added). Our courts have yet to apply the JRA retroactively, and this court is compelled to decline to do so.

(Doc. 7-5 at 3 (emphasis in original).) Stoneman appealed the ruling, and the North Carolina Court of Appeals declined to review it. (Doc. 7-8.)

When a State court has adjudicated a claim on the merits, a federal court cannot grant a writ of habeas corpus unless the adjudication of the claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The scope of

10

review is "both deferential and highly constrained." Golphin v. Branker, 519 F.3d 168, 178 (4th Cir. 2008).

The facts as the State court judge determined them do not appear to be in dispute; instead, Stoneman asserts that his rights to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution require the JRA to be applied retroactively, despite the statute's plain language to the contrary. (Doc. 10 at 2.) The cases Stoneman cites purportedly in support of this proposition are distinguishable, however, because they concern the retroactivity of new rules of *constitutional* law as announced in judicial holdings. See Teague v. Lane, 489 U.S. 288, 305-10 (1989); Penry v. Lynaugh, 492 U.S. 302, 329-30 (1989) (holding that, if the court were to announce a new rule of constitutional law forbidding the execution of mentally retarded people, it would be applied retroactively under Teague), abrogated on other grounds by Atkins v. Virginia, 536 U.S. 304 (2002); Danforth v. Minnesota, 552 U.S. 264 (2008) (analyzing the retroactivity of the new rule of constitutional law announced in Crawford v. Washington, 541 U.S. 36 (2004)); Horn v. Banks, 536 U.S. 266 (2002) (addressing when a court must engage in a Teague analysis). None of these cases provides any support for the proposition that a federal habeas court can override the express language of a State

11

*statute* that requires prospective application only.[2] North Carolina federal habeas courts have repeatedly declined to apply the JRA retroactively. See, e.g., Baines v. Lewis, No. 1:12CV891, 2013 WL 1686756, at *4 (M.D.N.C. Apr. 18, 2013); Dover v. Ball, No. 5:12-cv-167-RJC, 2013 WL 3781958, at *1-2 (W.D.N.C. July 18, 2013); Brown v. Gray, No. 5:13-HC-2026-FL, 2014 WL 773465, at *4-5 (E.D.N.C. Feb. 25, 2014). Stoneman has not shown that the State court's adjudication of his JRA claim was contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Consequently, his collateral attack based on the JRA fails.

**III. CONCLUSION**

For the reasons stated, two of Stoneman's claims are time-barred and his remaining claim does not involve a decision that is contrary to, or an unreasonable application of, clearly established federal law.

---

[2] One case on which Stoneman relies concerns a new statutory rule, but it does not help him. State v. Whitehead holds that State trial courts do not have the authority to apply a State statute retroactively, contrary to the statute's express terms, and are not allowed to resentence a defendant on that basis. 722 S.E.2d 492 (2012). Whitehead therefore directly supports the ruling of the State court (Doc. 7-5) that Stoneman seeks to challenge. To the extent Stoneman seeks to present an Eighth Amendment challenge, the court notes that a legislature's enactment of a new (and more lenient) sentencing structure "does not transform the preexisting penalty scheme into a cruel and unusual one." United States v. Speed, 656 F.3d 714, 720 (7th Cir. 2011) (in the context of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372).

12

IT IS THEREFORE ORDERED that the motion for summary judgment (Doc. 4) is GRANTED and the petition for a writ of habeas corpus (Doc. 1) is DISMISSED WITH PREJUDICE. This disposition renders the recently filed motion for summary judgment by Stoneman (Doc. 11) MOOT.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

      /s/   Thomas D. Schroeder
United States District Judge

March 26, 2014